# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID ROBIN WHITMORE, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>FELICIA HARRIS, et al., )<br>)<br>Defendants. ) | Case No. CIV-13-460-M |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se and *in forma pauperis,* brings this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Chief United States District Judge Vicki Miles-LaGrange has referred the case to the undersigned for preliminary review, entry of appropriate orders as to non-dispositive matters, and for the preparation of proposed recommendations as to dispositive matters. Currently before the court are three matters: two motions filed by Plaintiff David Whitmore (ECF Nos. 15, 24), and Plaintiff Corrine Whitmore's failure to respond to an order to show cause why her claims should not be dismissed without prejudice (ECF No. 23).

## I. PROCEDURAL POSTURE

In the original Complaint, Plaintiff names himself, Corrine Whitmore, and "Oklahoma Department of Correction Offenders" as Plaintiffs. Although this action is still under preliminary review, a description of the case's procedural posture is provided before reaching the matters now before the Court.

Plaintiff David Whitmore was initially granted *in forma pauperis* status on May 9, 2013. ECF No. 6. On May 13, 2013, the undersigned entered an order requesting a special report. ECF No. 7. On that same date, Plaintiff filed an Amended Complaint. ECF No. 8.

Upon the undersigned's review of the Amended Complaint, it was noted that it had only been signed by Plaintiff David Whitmore. It was further noted that Plaintiff Corrine Whitmore had neither paid the required filing fee nor submitted an application to appear *in forma pauperis.* Accordingly, the Amended Complaint, Order Granting Leave to Proceed in *Forma Pauperis*, and Order for Special Report were stricken. ECF No. 9. The undersigned then directed Plaintiffs David and Corrine Whitmore to file an amended complaint bearing both of their signatures, and Plaintiff Corrine Whitmore was directed to either pay the required filing fee or submit her own application to appear *in forma pauperis. Id.* Plaintiffs David and Corrine Whitmore were advised that the original complaint would be considered as conditionally filed until these deficiencies were corrected, and they were given until June 6, 2013, to comply. *Id.* Both Plaintiffs were advised that the *in forma pauperis* issue would be re-evaluated as to both parties upon receipt of Plaintiff Corrine Whitmore's response. ECF No. 9:2. In light of this development, the Order for Special Report was also stricken. *Id.*

Shortly thereafter, Plaintiff David Whitmore filed the following three motions: Motion to Strike/Amend; Motion to Dismiss Plaintiff and Motion to Reconsider Order;

and Motion for Certification of the Class. ECF Nos. 11, 12, 13. These motions were denied on June 20, 2013.

The Motion to Strike/Amend was denied to the extent Plaintiff David Whitmore was requesting the Court to "strike" the portion of his original complaint in which he affirmed that the statements made therein were sworn and made under penalty of perjury. However, the undersigned noted that Plaintiff could seek leave to file an amended complaint.[1] ECF No. 14.

The undersigned also denied Plaintiff David Whitmore's motion for voluntary dismissal on behalf of his mother, Plaintiff Corrine Whitmore, on grounds that a non-attorney plaintiff appearing pro-se cannot file a voluntary dismissal on behalf of another plaintiff. He was advised that the matter of co-Plaintiff Corrine Whitmore's failure to either pay the filing fee or submit a proper application to appear in forma pauperis would be addressed later.

Finally, the undersigned denied the Motion for Certification of the Class. It was noted that pro-se prisoners are generally not adequate representatives for a class, and Plaintiff David Whitmore was directed to file a supplemental application to appear *in forma pauperis* by July 11, 2013. ECF No. 14:2. The unusual presentation of claims

---

[1] Although Rule 15(a) of the Federal Rules of Civil Procedure allows amendment of a pleading once as a matter of course under certain circumstances, Plaintiff David Whitmore's request to "strike/amend" his original Complaint does not neatly fall within that rule. Accordingly, the undersigned's statement in the Order of June 20, 2013, that Plaintiff may seek leave to amend was not meant as a finding that Plaintiff David Whitmore had already exercised his right to amend once as a matter of course. Although the statement could have been more artfully worded, the undersigned's intent was to advise Plaintiff that although he could not retract a declaration that his previous statements were made under penalty of perjury, he could amend his complaint. Plaintiff has thus far not submitted either a first amended complaint or a motion for leave to file a first amended complaint.

3

herein also led the undersigned to direct Plaintiff to file an explanation as to three matters:

> 1. Did he, without power of attorney, sign Corrine Whitmore's name to the initial complaint?
>
> 2. Was Corrine Whitmore aware that he was signing her name to a pleading requesting relief in a federal civil rights action?
>
> 3. Explain what Plaintiff, David Robin Whitmore means when he states that he filed a "mock" declaration under penalty of perjury in one or more of the pleadings filed herein.

ECF No. 14:2. Plaintiff David Whitmore was given until July 11, 2013, to provide his explanation, and was cautioned to keep in mind his obligations under Rule 11 of the Federal Rules of Civil Procedure when providing his explanation. *Id.*

On July 3, 2013, Plaintiff David Whitmore filed a Motion to Reconsider Class Certification and Motion for Appointment of Counsel to Represent the Class. ECF No. 15. On that same date, Plaintiff filed the explanation requested in the previous court order. Although the explanation is somewhat difficult to parse, he appears to claim that he sent his mother, Plaintiff Corrine Whitmore a "mock" declaration to show her "exactly how she was suppose to sign the blank declaration he sent to her [A]fter she read the complaint." ECF No. 16:2. He further explained that the page was never intended to be filed, and that he removed it from the complaint before placing it in an envelope for mailing to the Court; he claims that he sealed it and gave it to the mailroom supervisor to be mailed. *Id.* His explanation of what followed boils down to an allegation that his legal mail was opened and/or tampered with, and that prison personnel were

4

responsible for the inadvertent submission of the "mock" complaint. ECF No. 16:3-4. He further claims that by the time the original complaint was filed, his mother had decided to "opt out" because she realized she would have to pay a filing fee and had other financial obligations. ECF No. 16:4.

Plaintiff David Whitmore filed a supplemental motion to proceed *in forma pauperis*, and the same was granted by the undersigned on August 22, 2013. Plaintiff Corrine Whitmore was ordered to show cause by October 21, 2013 why her claims should not be dismissed. ECF No. 23. She has not responded. On October 15, 2013, Plaintiff David Whitmore filed a Motion to Transfer Jurisdiction; therein, he noted that he had been transferred to the "Eastern District of Oklahoma." *Id.*

## II. THE PENDING MOTIONS

**A. Plaintiff's Motion to Reconsider Class Certification and Motion for Appointment of Counsel to Represent the Class, ECF No. 15.**

Nothing before the Court supports a finding that this matter qualifies under Fed.R.Civ.P. 23, which governs class certification. Pursuant to Rule 23(a), a plaintiff must first establish numerosity, commonality, typicality, and adequacy of representation. *See Shook v. El Paso County,* 386 F.3d 963, 971 (10th Cir. 2004). Even if these factors are satisfied, a plaintiff must also show that the claim falls within Fed.R.Civ.P. 23(b). *Id.*

Under Rule 23(b)(1), a class action is appropriate when separate actions would create a risk of "inconsistent or varying adjudications" that would impair the rights of other class members. Rule 23(b)(2) covers class actions in which members primarily

5

seek injunctive or declaratory relief because "the party opposing the class has acted or refused to act on grounds generally applicable to the class." Under Rule 23(b)(3), a class action may be appropriate when legal or factual issues are common to class members, predominate over questions affecting individuals, and render certification a superior method for adjudication.

A party seeking to certify a class bears the "strict" burden of proof. *See In re Integra Realty Resources, Inc.,* 262 F.3d 1089, 1112 (10th Cir. 2001) (party seeking class certification bears a strict burden of proof to satisfy all of the requirements of Fed.R.Civ.P. 23(a), including the ability to adequately represent the class). Although the Court "must accept the substantive allegations of the complaint as true, ... it need not blindly rely on conclusory allegations which parrot Rule 23 and may consider the legal and factual issues presented by plaintiff's complaints." *Shook,* 386 F.3d at 968 (internal citations and quotation marks omitted).

As stated, one prerequisite for class action certification is a finding by the Court that the representative party or parties can "fairly and adequately protect the interest of the class." *Cotner v. Knight,* No. 95-6105, 1995 WL 441408, *15 (10th Cir. July 21, 1995) (unpublished decision) (citing Rule 23(a)(4)). Here, Plaintiff has failed to plead, let alone establish, any factual or legal basis for finding that he would be an adequate class representative for all purported class members. "Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."

*Sule v. Story,* No. 95-1422, 1996 WL 170156, *1 (10th Cir. April 11, 1996) (unpublished decision) (citing 7A Charles E. Wright, *et al.,* Federal Practice and Procedure § 1769.1 n. 12); *see also Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("the competence of a layman is clearly too limited to allow him to risk the rights of others").*See also Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (concluding that a prisoner proceeding pro se cannot represent other prisoners in a class action, reasoning that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others"). Further, although Plaintiff, who is proceeding pro se, "has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court." *Sule,* 1996 WL 170156, *1 (citing 28 U.S.C. § 1654 and *United States v. Grismore,* 546 F.2d 844 (10th Cir. 1976)).

Finally, there are no facts alleged showing that individual inmates affected by the prison's actions could not commence their own civil rights actions. Without addressing all Rule 23(a) factors in detail, the undersigned finds that the burden with respect to the initial step required for a class certification has not been met at this stage of the proceeding, and it is therefore not necessary to determine whether the action is maintainable as a class action under the additional requirements of Fed.R.Civ.P. 23(b). It is recommended that to the extent Plaintiff seeks class certification in his complaint, such request be denied without prejudice to renewal at a later time should Plaintiff substantiate the factors set forth in Rule 23.

Plaintiff David Whitmore's request for appointment of counsel "to represent the class, in order than he can meet the 4th requirement in Fed.R.Civ.P. 23(a)(4)," should also be denied at this point. Plaintiff's request is putting the proverbial cart before the horse. As stated in the above paragraph, there has been no showing that a class action is necessary or appropriate under the facts as alleged. It may be that Plaintiff sincerely believes that his allegations show systemic problems in the handling of legal mail and grievances, but there is no indication that the numerosity, commonality, or typicality factors can be met. Accordingly, there is no need to appoint counsel to adequately represent "the class."

Turning to Plaintiff's request for appointment of counsel as an individual litigant, the undersigned still finds such to be unwarranted at this stage of the litigation.

> The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (quotation and citation omitted). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill,* 393 F.3d at 1115 (quotation omitted). In evaluating a prisoner's request for appointed counsel, the court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id.*

*Steffey v. Orman*, 461 F.3d 1218, 1223-24 (10th Cir. 2006).

As Plaintiff appears *in forma pauperis,* he is obviously unable to afford counsel. However, the undersigned does not find the legal or factual issues to be complex. Indeed, Plaintiff appears to have a firm grasp of the legal theories underlying his claims of alleged retaliation and denial of access to the courts. The alleged facts supporting these legal theories are within Plaintiff's personal knowledge, and the degree of access to a law library does not in and of itself impede his ability to present those facts. Moreover, Plaintiff has just recently been transferred to the Oklahoma State Penitentiary in McAlester, Oklahoma, and there is nothing indicating that his access to the law library at that facility has been unduly limited. Plaintiff's limited knowledge of "class action laws" would obviously have an impact on his ability to represent the claims of the putative class, but as it is recommended that class action certification be denied at this time this factor does not support appointment of counsel. For these reasons, the undersigned recommends that **Plaintiff's Motion to Reconsider Class Certification and Motion for Appointment of Counsel to Represent the Class, ECF No. 15, be DENIED.**

### B. Motion to Transfer Case

In this motion, Plaintiff states that he "has been transferred to the Eastern District jurisdiction and plan on being here for a while." ECF No. 24. Plaintiff is apparently referring to his transfer to the Oklahoma State Penitentiary in McAlester, Oklahoma. *See* ECF No. 21.

Aside from Plaintiff, all of the named Defendants reside within the jurisdictional confines of the United States District Court for the Western District of Oklahoma. It appears that all of the violations alleged in the complaint occurred in either Lexington, Oklahoma, Helena, Oklahoma, or Oklahoma City, Oklahoma—and thus took place within the jurisdiction of this Court. It appears that this Court has jurisdiction over the action and that venue is proper here, rather than in the Eastern District of Oklahoma.

Because § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at 28 U.S.C. § 1391(b). *Coleman v. Crisp,* 444 F.Supp. 31, 33 (W.D. Okla. 1977). That statute provides that venue lies in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), a court may dismiss or, in the interest of justice, transfer a case *in which venue is defective*. This provision allows a district court to transfer a case "to any district or division in which it *could have been brought*." (emphasis added). This provision is obviously inapplicable to the present action, as venue is properly laid in the Western District of Oklahoma.

Section 28 U.S.C. § 1404(a) allows transfer to another district upon consent of all the parties "for the convenience of the parties and witnesses." At this juncture, service of process has not been issued, and so consent of the other parties cannot be obtained.

Moreover, the undersigned finds it unlikely that any of the parties, save Plaintiff, would find the United States District Court for the Eastern District of Oklahoma (located in Muskogee, Oklahoma) to be more convenient given that the other parties are located in Lexington, Helena, and Oklahoma City. Accordingly, it is recommended that Plaintiff's **Motion to Transfer Jurisdiction, ECF No. 24, be DENIED.**

### III. DISMISSAL OF CORRINE WHITMORE'S CLAIMS

Finally, the undersigned will turn to the claims of co-Plaintiff Corrine Whitmore. In reaching the recommendation regarding disposition of her claims, three things have been considered. First, Plaintiff David Whitmore's explanation filed on July 3, 2013, states that Corrine Whitmore never signed the Complaint. ECF No. 16. Although Plaintiff's story is somewhat incredible, the key point is that he is the one who signed the "mock" declaration to serve as an example for his mother. *Id.* This document was not meant to be mailed to the Court, and for reasons yet to be determined was nonetheless filed in the case. *Id.* She also did not sign the proffered "corrected" complaint. *See* ECF No. 11. She has failed to pay a filing fee or apply for leave to proceed *in forma pauperis*, and has failed to respond to the Court's order to show cause why her claims should not be dismissed on that basis. *See* ECF No. 23. In light of these facts, it is apparent that Plaintiff Corrine Whitmore never intended to institute this action and has no intent to prosecute it.

Under Rule 41(b), a district court may dismiss an action, *sua sponte*, if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P.

11

41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) (finding that despite the Rule's language, "the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir.2007) (district court may enter Rule 41(b) dismissal without prejudice without attention to any particular procedures). **The undersigned hereby recommends that CORRINE WHITMORE's claims be dismissed from this action without prejudice, and that she be terminated as a Plaintiff herein.**

## RECOMMENDATION

In light of the foregoing, it is recommended that **Plaintiff's Motion to Reconsider Class Certification and Motion for Appointment of Counsel to Represent the Class, ECF No. 15, and Plaintiff's Motion to Transfer Jurisdiction, ECF No. 24, be DENIED.** Furthermore, it is recommended that the claims of Plaintiff Corrine Whitmore be **DISMISSED WITHOUT PREJUDICE** and that she be **terminated as a Plaintiff** from this action. Plaintiffs are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 13, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiffs are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **does not dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on November 26, 2013.

_/s/ Shon T. Erwin_
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE